

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00474-CV

**IN THE INTEREST OF B.J.A.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00541
Honorable Charles E. Montemayor, Judge Presiding[1]

Opinion by:　Patricia O. Alvarez, Justice

Sitting:　　Sandee Bryan Marion, Chief Justice
　　　　　　Patricia O. Alvarez, Justice
　　　　　　Irene Rios, Justice

Delivered and Filed: December 18, 2019

AFFIRMED

In this accelerated appeal of the trial court's order terminating alleged Dad's parental rights to B.J.A., Dad argues he was denied due process because the Department made little or no effort to contact him.[2] Because Dad failed to preserve his claim of due process error by making a proper complaint to the trial court, we affirm the trial court's order.

### BACKGROUND

In March 2018, when B.J.A. was about six months old, the Department of Family and Protective Services received a report alleging domestic violence in the home. The Department petitioned for temporary managing conservatorship, and after a hearing, it was granted, and B.J.A.

---

[1] The Honorable Michael E. Mery is the presiding judge of the 37th Judicial District Court, but the Honorable Charles Montemayor, Associate Judge, heard the case and signed the final order.
[2] We use aliases for Appellant and the child. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

was removed from the home.[3] Dad was served with citation and an attorney was appointed to represent him. The Department created a service plan for Dad and delivered it to Dad's residence. After a series of hearings, the case moved to trial.

In a one-day bench trial, the Department argued Dad's name was not on the birth certificate, the paternity registry search did not show Dad was B.J.A.'s father, and thus Dad was merely an alleged father. The Department asserted that Dad had failed to establish paternity, and in the alternative, his course of conduct met section 161.001(b)(1)'s (E), (N), and (O) grounds, and termination of any parental rights Dad might have was in B.J.A.'s best interest.

Dad argued that he never received a copy of the service plan, he was not afforded an opportunity to visit B.J.A., and the Department did not exercise "due diligence" to advise him that he could see B.J.A. or work services while he was incarcerated.

The trial court found by clear and convincing evidence that Dad was merely an alleged father and it terminated his parental rights to B.J.A. The trial court also found, in the alternative, that Dad's course of conduct met section 161.001(b)(1)'s (E), (N), and (O) grounds, and terminating Dad's parental rights was in B.J.A.'s best interest.

### DUE PROCESS ISSUE

In his only issue on appeal, Dad argues "he was denied due process by the Department when the Department's representatives made little to no effort to contact [him] and wholly failed to make contact with [him] in any fashion during the suit."

An alleged father has some due process rights. *See In re P.RJ E.*, 499 S.W.3d 571, 576 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). But "even a complaint that a party's due process rights have been denied must be preserved by a proper objection or request." *In re R.L.L.*,

---

[3] Mom did not appeal. We focus our recitation of the facts on those pertaining to Dad and B.J.A.

No. 04-18-00240-CV, 2018 WL 6069866, at *3 (Tex. App.—San Antonio Nov. 21, 2018, pet. denied) (mem. op.); *accord In re A.N.G.*, No. 04-16-00377-CV, 2016 WL 6775589, at *1 (Tex. App.—San Antonio Nov. 16, 2016, no pet.) (mem. op.); *see* TEX. R. APP. P. 33.1.

The record does not show that Dad ever raised a due process complaint in any pleading or at the trial on the merits. At trial, Dad argued the Department did not exercise due diligence, but merely arguing the Department had not contacted him to discuss his service plan does not, without more, raise a due process claim. In his arguments, Dad made no reference to the Due Process Clause or the United States or Texas constitutions; he never argued he had been denied due process; and he sought no finding on any due process claim. *Cf. In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003) (holding father failed to preserve due process claim). The trial court made no finding or ruling on any due process claim, or otherwise indicate it understood Dad was making a constitutional challenge. *See id.* at 710 (observing that "[t]he trial court obviously did not discern a due process challenge").

We conclude Dad failed to alert the trial court that he was making a constitutional claim and get a ruling on that claim, and he cannot raise that complaint for the first time on appeal. *See* TEX. R. APP. P. 33.1; *In re A.N.G.*, 2016 WL 6775589, at *1.

## CONCLUSION

"[A]llowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved," *In re L.M.I.*, 119 S.W.3d at 711, and that we cannot do, *see In re A.N.G.*, 2016 WL 6775589, at *1.

Because Dad failed to preserve his claim of error, we affirm the trial court's order.

Patricia O. Alvarez, Justice